**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATHEW RUBEN MANZANO,

Petitioner-Appellant,

v.

W. L. MONTGOMERY, Acting Warden,

Respondent-Appellee.

No. 14-55811

D.C. No. 5:13-cv-02249-RGK
(VBK)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Before: D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,[**] District
Judge.

Mathew Manzano ("Manzano") appeals the district court's denial of his

petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. Manzano

challenges his murder conviction on the ground that his attorney furnished

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

ineffective assistance of counsel by failing sufficiently to object to the prosecutor's misstatement during his closing argument that DNA evidence linked Manzano to one of the murder victims. We affirm.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim for ineffective assistance of counsel, a petitioner must show: "(1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *Gallegos v. Ryan*, 820 F.3d 1013, 1025 (9th Cir. 2016) (internal quotation marks omitted). Because Manzano filed his federal habeas petition after April 24, 1996, we apply the standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See, e.g.*, *Smith v. Swarthout*, 742 F.3d 885, 892 (9th Cir. 2014)*.* Accordingly, Manzano is entitled to relief only if the California Court of Appeal's adjudication of his claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The California Court of Appeal held that Manzano failed to satisfy either of *Strickland*'s prongs. The district judge adopted the magistrate judge's report and

recommendation, concluding that the Court of Appeal's holding was unreasonable as to the deficiency prong, but reasonable as to the prejudice prong. We need not address whether Manzano's counsel performed deficiently because we agree that the Court of Appeal reasonably concluded that Manzano failed to establish prejudice. *See, e.g.*, *Rogovich v. Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012) ("We need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other.").

The Court of Appeal reasonably held that Manzano was not prejudiced by his counsel's purported errors because DNA evidence was not a significant component of the state's case. There was ample non-DNA evidence to support Manzano's conviction: his alibi was not credible; his shoes matched the size and pattern of those found outside the home where the murders were committed; a bullet removed from Manzano's body shortly after the murders had been fired by one of the guns used in the shootings; a witness testified that he saw a man limping out of the home immediately after the murders; and a fellow gang member testified that Manzano confessed the murders to him. In light of this evidence, coupled with multiple instructions to the jury that the attorneys' statements were not to be considered evidence, the Court of Appeal was not unreasonable in concluding that Manzano failed to establish a likelihood that the outcome of his trial would have

3

been different but for the prosecutor's misstatement. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

     **AFFIRMED**.